BONESTEEL (PEREGO v.). See Cases Nos. 10,976 and 10,977.

BONESTEEL (VOORHIES v.). See Case No. 17,001.

## Case No. 1,629.

BONHAM v. BOARD OF EDUCATION OF HARRISONVILLE.

[4 Dill. 156.] [1]

Circuit Court, W. D. Missouri. 1877.

SCHOOL HOUSE BONDS — MISSOURI ACT OF MARCH 21, 1870 — LIABILITY TO SUIT.

Bonds issued under the act of the legislature of Missouri of March 21, 1870, for building school houses, and reciting that act as the authority for their issue, are prima facie valid; and the holder may sue thereon, and is not confined to the special remedy prescribed in the act.

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Action on coupons belonging to school bonds issued by the defendant under the act of March 21, 1870, referred to in the opinion of the court. The petition is in the usual form, and sets forth in full a copy of the bonds. The bonds are signed by the corporate officers of the defendant, and are under its corporate seal. The defendant demurred to the petition. The grounds of the demurrer are stated in the opinion. [Demurrer overruled.]

Mr. Cravens, for plaintiff.

Mr. Sloan and Mr. Flanagan, for defendant.

Before DILLON, Circuit Judge, and KREKEL, District Judge.

KREKEL, District Judge. Under an act of the legislature of Missouri, entitled "Schools, Cities, Towns, and Villages," approved March 21, 1870, cities, towns, and villages in Missouri were authorized to organize themselves as single school districts upon a majority voting in favor of such organization, upon which they could elect a board of education, which, under the twelfth section of the law, was "authorized, for the purpose of building school houses only, to borrow money on the credit of the city, town, village, or district, and to issue bonds therefor, bearing interest not exceeding ten per cent per annum, which bonds shall not be sold or disposed of at less than ninety cents on the dollar." In case of failure to pay interest or principal of any such bond, the holder, after notice, can go before a county court and show the fact, whereupon the county court is required to notify the board of education, and if they fail to pay after such notice, the county court is authorized to add to the tax list a sum sufficient to pay the amount due.

The complaint or declaration in this case alleges that, under this act, on the 1st day of September, 1871, the board of education of Harrisonville issued certain bonds, on the coupons whereof this action is instituted. A copy of one of these bonds, made part of the petition, shows that the board of education of Harrisonville, Missouri, promises to pay the bearer the sum of fifteen hundred dollars, with interest at the rate of ten per cent, and recites that the bond is issued for the purpose of building a school house only, and refers to the act above cited as the authority for the issue of the bond.

To this declaration a demurrer is filed, assigning for cause that said defendant was never organized in conformity to the act cited, and is therefore no corporation. The answer to this must be that the defendant, in issuing the bonds signed by its officers and sealed by its corporate seal, exercised the usual function of a corporation. Its corporate existence cannot be questioned—at least by itself—in a suit brought upon evidence of debt given by it. Commissioners

of Douglas Co. v. Bolles (decided at the October term, 1876, of the supreme court of the United States) 94 U. S. 104. This disposes of all of the causes of demurrer, except the fifth and sixth, which set up that plaintiff was bound to exhaust his remedy given by the act, namely: notify the county court of the failure to pay and await the results of their acts. It is evident from the act, that the legislature, by providing an easy and direct remedy for collection, sought to give value and currency to the bonds—but did not intend to deprive the holder of the usual legal remedies. Jordan v. Cass Co. [Case No. 7,517].

With a judgment establishing the validity of the bonds he may feel better armed to meet objections, such as are here raised, when he comes before the county court for the purpose of availing himself of the cumulative remedy that the law under which the bonds issued has given him. The demurrer is overruled.

Judgment for plaintiff.